﻿Citation Nr: 18104741
Decision Date: 05/23/18 Archive Date: 05/22/18

DOCKET NO. 15-00 189
DATE: May 23, 2018
ORDER
Service connection for bilateral hearing loss is denied.
Service connection for tinnitus is granted.
FINDINGS OF FACTS
1. The Veteran’s bilateral hearing loss was not shown to have occurred in service, did not manifest for several years thereafter, and is not related to service.
2. The evidence shows that the Veteran’s tinnitus began during his military service. 
CONCLUSIONS OF LAW
1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2017).
2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from November 1963 to October 1966. The Veteran and his spouse testified before the undersigned Veteran’s Law Judge at a January 2017 hearing. This matter is on appeal from a June 2011 rating decision. 
Service Connection
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). 
Hearing loss, if sensorineural in nature, is a “chronic disease” listed under 38 C.F.R. § 3.309 (a); therefore, 38 C.F.R. § 3.303 (b) applies. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. For the showing of “chronic” disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With chronic disease shown in service or within the presumptive period, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of “continuity of symptoms” after service is required for service connection. 38 C.F.R. § 3.303 (b). 
Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as sensorineural hearing loss, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id. 
For the purposes of applying the laws administered by VA, impaired hearing will be considered a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. The provisions of 38 C.F.R. § 3.385 do not require that hearing loss be shown as defined in that regulation at the time of separation from service, if there is sufficient evidence to demonstrate a relationship between a veteran’s service and his current disability. Hensley v. Brown, 5 Vet. App. 155 (1993).
Service Connection for Bilateral Hearing Loss
It is the Veteran’s contention that he sustained hearing loss during service. As a track and wheel mechanic, he asserts that he was exposed to loud engine sounds without adequate hearing protection. He added that he was also exposed to other hazardous sounds including gun fire and power tools. 
The question before the Board is whether the Veteran’s hearing loss is either related to, or onset during, his military service. 
After review of the evidence of record, the Board concludes that the Veteran’s claim for service connection for hearing loss is not warranted. 
Audiometric testing at both the Veteran’s enlistment physical (November 1963) and his separation physical (August 1966) showed normal hearing bilaterally. There were no complaints of hearing loss in the Veteran’s service treatment records. 
The Veteran was afforded a VA examination in May 2011. There, he told the physician that he has difficulty understanding hearing people talking beside him. He reported that his hearing loss was gradual, and he did not remember when started to occur. His puretone thresholds in decibels were as follows: 
 HERTZ 
 1000 2000 3000 4000
RIGHT 25 30 30 35
LEFT 25 30 30 30

Speech audiometry revealed speech recognition of 96 percent in both ears. Results show that at the time of the May 2011 VA examination, the Veteran did not have hearing loss that was considered disabling for VA purposes. The examiner noted that there was no hearing loss at either the enlistment physical or separation physical, and also added that there was no significant shift shown between the two hearing tests. Ultimately, the examiner concluded that it was less likely than not that the Veteran’s bilateral hearing loss was either caused by or otherwise the result of his military noise exposure. 
The Veteran also submitted an April 2015 private audiology report, which showed a worsening of hearing acuity. However, the audiologist did not offer any opinion as to the etiology of the hearing loss, and the audiologist did not suggest that the hearing loss was the result of the Veteran’s military noise exposure. VA treatment records dated April 2017 show that the Veteran had normal hearing from 250 to 400 Hz with a mild decrease in hearing sensitivity from 6000-8000 Hz, bilaterally. His speech recognition remained at 96 percent in both ears. 
Other than the May 2011 VA examination report which denied a nexus relationship, the record does not contain evidence supporting a nexus between the Veteran’s hearing loss and his service besides the Veteran’s own testimony. He is considered competent to describe his perception of diminished hearing acuity because lay testimony is competent to establish the presence of observable symptomatology and may provide sufficient support for a claim of service connection. Layno v. Brown, 6 Vet. App. 465, 469 (1994). However, even to the extent the Veteran would be competent to report diminished hearing acuity at separation, he would not be competent to diagnose hearing loss for VA purposes as such a determination would require both objective audiometric and speech recognition testing, which the Veteran could not perform on himself. He is also not competent to offer an opinion concerning the etiology of his hearing loss because such question is not amenable to lay observation alone and is too complex to be addressed by the Veteran. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Moreover, any allegation of diminished hearing acuity would be undercut by the fact that audiometric testing at separation failed to show hearing loss in either ear.
While the evidence of record currently shows bilateral hearing loss, this was not shown to manifest for nearly 50 years after his separation from service. 
Based on this conclusion, the evidence is against a finding that the Veteran’s bilateral hearing loss either began during or was otherwise caused by his military noise exposure. Therefore, the criteria for service connection have not been met, and the Veteran’s claim is denied.
 Service connection for tinnitus
During his January 2017 Board hearing, the Veteran indicated he specifically remembers that his tinnitus began while he was serving overseas in Germany. He has previously indicated that as a track and wheel mechanic, he was exposed to loud engine sounds as well as gun fire at the shooting range. The Court has specifically held that tinnitus is a type of disorder associated with symptoms capable of lay observation. See Charles v. Principi, 16 Vet. App. 370 (2002). As such, the primary role of the Board in adjudicating the tinnitus claim is to assess the credibility of the Veteran’s statements. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 
In this case, the Board finds the Veteran’s testimony as to the onset of his tinnitus credible, and he has credibly reported that his tinnitus began in-service and has continued to the present time. The Veteran has not attempted to bolster or exaggerate his symptoms.
Therefore, the evidence in this case is evenly balanced enough as to allow application of the benefit-of-the-doubt rule as required by law and VA regulations. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102. As such, the criteria for service connection for tinnitus have been met.
 
MATTHEW W. BLACKWELDER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD N.Yeh, Associate Counsel