# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1536

John H. Charles, Appellant,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided   October 3, 2002   )

*James W. Stanley*, of North Little Rock, Arkansas, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel; and *Rebecca L. Ahern*, all of Washington, D.C., were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and IVERS, *Judges.*

KRAMER, *Chief Judge*:   The appellant appeals, through counsel, an August 7, 2001, decision of the Board of Veterans' Appeals (Board or BVA) that determined that new and material evidence had not been submitted to reopen his claim for service connection for right-ear hearing loss and that denied his claim for service connection for tinnitus.  Record (R.) at 3, 6, 7.  The appellant and the Secretary have filed briefs.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will vacate the Board's decision and remand the matters for readjudication consistent with this opinion.

## I.  Background

The appellant served on active duty from December 1943 to September 1945.  R. at 10.  In an October 18, 1945, decision, a VA regional office (RO), inter alia, denied the appellant's claim for service connection for defective hearing, right ear, on the grounds that such condition was not found

during his discharge examination and that he did not receive any in-service treatment for such condition (R. at 37; *see* R. at 23); the appellant did not appeal that decision. In March 1998, the appellant in essence requested that his claim for service connection for hearing loss, right ear, be reopened. R. at 48-52. The RO, in a March 1999 letter, informed the appellant that he needed to submit new and material evidence, showing that his condition was incurred in or aggravated by service, to reopen his hearing-loss claim. R. at 58. In an April 1999 VA compensation and pension examination report, the examiner, after conducting a physical examination, diagnosed the appellant as having hearing loss with tinnitus. R. at 63-66. The appellant, in May 1999, testified at an RO hearing regarding, inter alia, his in-service exposure to noise and his experience of having had ringing in his ears both during and since service. R. at 70-107. In a July 22, 1999, decision, the RO, inter alia, determined that the appellant had not submitted new and material evidence to reopen his claim for service connection for hearing loss, right ear, and denied as not well grounded his claim for service connection for tinnitus. R. at 121. The appellant timely appealed that decision (R. at 124, 140), and, in September 1999, the RO issued to him a Statement of the Case (SOC) (R. at 128-36).

While the appellant's claims were pending before the Board, Congress enacted the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA). The VCAA, inter alia, amended 38 U.S.C. § 5107(a) to eliminate the well-grounded-claim requirement. VCAA § 4. Pursuant to section 7(a)(2) of the VCAA, that amendment to section 5107(a) is applicable to "any claim . . . filed before the date of the enactment of [the VCAA] and not final as of that date." VCAA § 7(a). The VCAA also amended 38 U.S.C. § 5103 ("Notice to claimants of required information and evidence") and added 38 U.S.C. § 5103A ("Duty to assist claimants"). VCAA § 3(a). The amended duty to notify requires the Secretary, upon receipt of a complete or substantially complete application, to notify a claimant of any information or evidence necessary to substantiate the claim and "which portion of [the] information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary . . . will attempt to obtain on behalf of the claimant." 38 U.S.C. § 5103(a) (2001); *see* 66 Fed. Reg. 45,620, 45,630 (Aug. 29, 2001) (to be codified at 38 C.F.R. § 3.159(b)). Under new section 5103A, the Secretary's duty to assist a claimant includes, inter alia, "providing a medical examination or

obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d). The Secretary

> shall treat an examination or opinion as being necessary . . . if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant) –
>
> (A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and
>
> (B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but
>
> (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

38 U.S.C. § 5103A(d)(2). That new section further provides that nothing in 38 U.S.C. § 5103A "shall be construed to require the Secretary to reopen a claim that has been disallowed except when new and material evidence is presented or secured." 38 U.S.C. § 5103A(f).

In a December 5, 2000, Supplemental SOC (SSOC), the RO, noting that the applicable law no longer contained the well-grounded-claim requirement, denied the appellant's claim for service connection for tinnitus on the ground that such condition was not incurred in service. R. at 148-49. Later that month, the appellant requested that the RO consider his claims "under the VCAA . . .[,] including the obtaining of necessary medical opinions." R. at 151; *see* R. at 179, 184. In May 2001, the appellant testified at a BVA hearing as to, inter alia, his exposure to noise in service and the ringing in his ears both during and since service. R. at 168-84.

In the August 2001 Board decision on appeal, the BVA initially stated that, in the July 1999 RO decision, the September 1999 SOC, and the December 2000 SSOC, the appellant was notified of the evidence needed to reopen his claim for hearing loss, right ear, and to substantiate his tinnitus claim. R. at 5. The Board indicated that, although he had been given the opportunity to do so, the appellant had not satisfactorily identified post-service treatment records that VA could attempt to obtain and that the appellant had been provided with a VA examination and two personal hearings. *Id.* The Board then stated that it was "satisfied that the notice and duty[-]to[-]assist provisions of the [VCAA] ha[d] been satisfied." R. at 5. With respect to the appellant's hearing-loss claim, the BVA noted that the evidence submitted since the RO's October 1945 denial of that claim included,

inter alia, the April 1999 VA examination showing bilateral sensorineural hearing loss, worse on the right side. R. at 4; *see* R. at 63-66. The Board further noted that such evidence also included (1) the appellant's testimony at a 1999 RO hearing and a 2001 BVA hearing at both of which he related his in-service exposure to noise from the rifle range, bombing, artillery fire, trucks, and heavy equipment and his experience of having had ringing in his ears during and ever since service (R. at 4, 6; *see* R. at 78, 89-102, 170-73) and (2) his daughter's testimony at the 2001 BVA hearing at which she related her observations of the appellant's hearing loss (R. at 4, 6; *see* R. at 180-81). Regarding these items of evidence, the Board concluded, inter alia, that, because such evidence did not establish a nexus between the appellant's current hearing loss and his period of active service, it was not material evidence (R. at 6); the Board, therefore, denied reopening (R. at 6, 7). With respect to the appellant's tinnitus claim, the BVA concluded both that there was no evidence of record linking the appellant's tinnitus to his period of active service and that such condition was not incurred in or aggravated by active service; the Board, therefore, denied the claim. R. at 7.

On appeal, the appellant argues in essence that VA failed to fulfill its duty to assist him under 38 U.S.C. § 5103A. In this regard, the appellant contends that, because there is competent evidence of record that he currently has disabilities, i.e., a diagnosis of hearing loss with tinnitus, and that he was exposed to acoustical trauma during his "combat duties in W[orld] W[ar] II," i.e., his testimony at two hearings, VA was required to provide him with a medical examination or to obtain a medical opinion addressing whether there is a nexus between each of his current disabilities and his active service. Appellant's Brief (Br.) at 5-6. The appellant further argues that VA failed to fulfill its duty to notify under 38 U.S.C. § 5103(a). *Id*.

The Secretary initially responds that, because there is no evidence of record to connect the appellant's hearing loss to his active service and because there is no evidence establishing in-service incurrence of tinnitus and no evidence connecting the appellant's tinnitus to his active service, the Board's August 2001 decision as to each of the appellant's claims is supported by a plausible basis in the record. Secretary's Br. at 4-8. The Secretary next contends that VA satisfied its duty to notify. Secretary's Br. 9-10. With respect to the duty to assist, the Secretary contends that the provisions of 38 U.S.C. § 5103A are not applicable to "new and material evidence claims," i.e., the appellant's request to reopen his hearing-loss claim. Secretary's Br. at 10-11. The Secretary finally contends

4

that, because there was "'no reasonable possibility'" that further assistance to the appellant "would provide a nexus between [either of his] current hearing conditions and [his active] service," VA satisfied its duty to assist the appellant.  Secretary's Br. at 11 (quoting 38 U.S.C. § 5103A(a)(2)).

## II.  Analysis

"[W]here the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the Secretary . . . to do otherwise and the Secretary did so."  *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991); *see Holliday v. Principi*, 14 Vet.App. 280, 286 (2001) (holding that VCAA provisions are potentially applicable to claims pending on date of VCAA enactment), *overruled in part by Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed. Cir. 2002), *and Bernklau v. Principi*, 291 F.3d 795, 806 (Fed. Cir. 2002) (VCAA does not apply retroactively to require remand of claims on appeal to United States Court of Appeals for Veterans Claims or United States Court of Appeals for the Federal Circuit on date of VCAA enactment).  The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court.  *See* 38 U.S.C. § 7104(a), (d)(1); *Weaver v. Principi*, 14 Vet.App. 301, 302 (2001) (per curiam order); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990).

With respect to both the reopening of his hearing-loss claim sought by the appellant and his tinnitus claim, the Board failed to discuss adequately the amended duty to notify, which amendment occurred while his claim was pending at the BVA.  Specifically, the Board failed to discuss the requirement that the required notice to the appellant of the information and evidence necessary to substantiate his claim indicate which portion of any such information or evidence is to be provided by which party and failed to discuss whether the documents that it referenced (the July 1999 RO decision, the September 1999 SOC, and the December 2000 SSOC) or any other document in the record satisfied that requirement.  *Cf. Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002).  The Court thus concludes that the Board failed to consider

adequately "all . . . applicable provisions of law" and to provide an adequate statement of reasons or bases for its decision. 38 U.S.C. § 7104(a), (d)(1); *see Weaver*, *Allday*, and *Gilbert*, all *supra*.

It is unclear whether the appellant is arguing that the 38 U.S.C. § 5103A duty to assist is applicable to his hearing-loss claim. In this regard, the Court notes that, if the appellant so wishes, he will be free on remand to raise any duty-to-assist issue as to this claim. *See Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order) (regarding appellant's right to submit additional evidence and argument on remand); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991) (remand is meant to entail critical examination of justification for decision; Court expects that BVA will reexamine evidence of record, seek any other necessary evidence, and issue timely, well-supported decision); *see also Best v. Principi*, 15 Vet.App. 18, 20 (2001) (per curiam order) (because of as yet unknown factual and legal context in which claim readjudication will occur, absent "appropriate circumstances," Court refrains from exercising, either sua sponte or at appellant's request, its discretion to address each assertion of BVA error once it is determined that VCAA necessitates remand).

As to the appellant's tinnitus claim, the Court agrees with the appellant that VA failed to fulfill its duty to assist him under 38 U.S.C. § 5103A. In this regard, as reflected in the record and as acknowledged by the Board in the decision on appeal, the appellant has been diagnosed as having tinnitus; therefore, there is of record "competent evidence that [he] has a current disability." 38 U.S.C. § 5103A(d)(2)(A); R. at 7, 63-66; *see Caluza v. Brown*, 7 Vet.App. 498, 504 (1995) (where determinative issue involves either medical etiology or medical diagnosis, competent medical evidence is required); DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 1714 (28th ed. 1994) (defining tinnitus as "a noise in the ears, such as ringing, buzzing, roaring, or clicking"). Further, the record reflects that the appellant has provided lay evidence, specifically his testimony at the 1999 RO hearing and at the 2001 BVA hearing, that he had experienced ringing in his ears (i.e., tinnitus) in service and that he has experienced such ringing ever since service. R. at 90, 93, 102-03, 171-73, 175-76. Regarding such lay evidence, the appellant is competent to so testify because ringing in the ears is capable of lay observation. *See Caluza*, *supra* (where determinative issue does not require medical expertise, lay evidence may suffice by itself); *Falzone v. Brown*, 8 Vet.App. 398, 406 (1995); *see also Layno v. Brown*, 6 Vet.App. 465, 469-70 (1994) (lay evidence

6

is competent to establish features or symptoms of injury or illness).  The Court concludes, therefore, that, in the instant case, because there is of record lay evidence of in-service tinnitus and of tinnitus ever since service and medical evidence of a current diagnosis, such evidence suffices to "indicate[] that [the appellant's] disability . . . may be associated with [his] active . . . service."  38 U.S.C. § 5103A(d)(2)(B); *see* 38 U.S.C. § 5103A(d)(2) (Secretary is to take into consideration all lay or medical evidence of record, including statements of claimant).

Thus, there is evidence of record satisfying two of the requirements of the statute, i.e., competent evidence of a current disability and evidence indicating an association between the appellant's disability and his active service (*see* 38 U.S.C. § 5103A(d)(2)(A), (B)), but there is not of record, as relied upon in part by the Board in denying his claim, competent medical evidence addressing whether there is a nexus between his tinnitus and his active service (*see* 38 U.S.C. § 5103A(d)(2)(C)).  Because a medical nexus opinion was "necessary to make a decision on the [appellant's] claim," VA erred in failing to obtain such a medical nexus opinion in this case. 38 U.S.C. § 5103A(d)(1); *see* R. at 7 (claim denied in part because there was "no medical evidence linking" appellant's tinnitus to his period of service); *see also Caluza*, *supra*.  The Court holds, therefore, that the appellant is entitled to such a medical nexus opinion pursuant to the Secretary's duty to assist.  *See* 38 U.S.C. § 5103A(d).

Accordingly, for the reasons set forth above, the Court will vacate the August 2001 Board decision and will remand the matters for readjudication consistent with this opinion.

### III.  Conclusion

Based upon the foregoing analysis, the record on appeal, and the parties' pleadings, the August 7, 2001, Board decision is VACATED and the matters are REMANDED for readjudication consistent with this opinion.  On remand, the appellant is free to submit additional evidence and argument on the remanded claims in accordance with *Kutscherousky*, *supra*.  The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).