Citation Nr: 1518738 
Decision Date: 04/05/15 Archive Date: 05/05/15

DOCKET NO. 09-31 071 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 


ATTORNEY FOR THE BOARD

M. Mac, Counsel



INTRODUCTION

The Veteran served on active duty from January 1975 to January 1977. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of a Regional Office (RO) of the Department of Veterans Affairs (VA). 

This appeal was processed using the Veterans Benefits Management System (VBMS). The Virtual VA paperless claims processing system includes documents that are either duplicative of the evidence of record or are not pertinent to the present appeal. 


FINDINGS OF FACT

1. The evidence is at least in equipoise as to whether the Veteran has experienced continuous symptoms of bilateral hearing since his active service. 

2. The evidence is at least in equipoise as to whether the Veteran has experienced continuous symptoms of tinnitus since his active service. 


CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss are met. 
38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.385 (2014). 

2. The criteria for service connection for tinnitus are met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2014). 



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a). In light of the favorable determination to grant service connection for bilateral hearing loss and tinnitus, VA's duties to notify and assist are deemed fully satisfied and there is no prejudice to the Veteran in proceeding to decide these issues. 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. 
§§ 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. 
§ 3.303(d). As a general matter, service connection for a disability requires evidence of: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Under 38 C.F.R. § 3.303(b), service connection will be presumed where there are either chronic symptoms shown in service or continuity of symptomatology since service for diseases identified as "chronic" in 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1338-40 (Fed. Cir. 2013) (holding that continuity of symptomatology is an evidentiary tool to aid in the evaluation of whether a chronic disease existed in service or an applicable presumptive period). Bilateral sensorineural hearing loss (organic disease of the nervous system) is a "chronic disease" listed under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions of 38 C.F.R. § 3.303(b) apply to the Veteran's claim for service connection for hearing loss. In this case, where there is evidence of acoustic trauma and sensorineural hearing loss, tinnitus is also considered a "chronic disease" under 38 C.F.R. § 3.309(a) for presumptive service connection purposes. See Fountain v. McDonald, Vet. App. 13-0540 (February 9, 2015) (holding that where there is evidence of acoustic trauma, the presumptive provisions of 38 C.F.R. § 3.309(a) include tinnitus as an organic disease of the nervous system).

Impaired hearing is considered a disability for VA purposes when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels (dB) or greater or where the auditory thresholds for at least three of these frequencies are 26 dB or greater or when the Maryland CNC speech recognition scores are less than 94 percent. 38 C.F.R. § 3.385.

Considering the claims for service connection for bilateral hearing loss and tinnitus, in light of the record and the governing legal authority, the Board finds that the evidence is at least in equipoise on the question of a nexus. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

First, on VA audiological examination in July 2008 the examiner documented that the Veteran had tinnitus and the accompanying audiogram shows left ear hearing loss as the Veteran had 40 decibels at 4000 Hertz. A December 2007 private audiogram also shows left ear hearing loss. As for the right ear, the Board acknowledges that the July 2008 VA audiogram does not show hearing loss in the right ear as defined by VA regulations. However, the uninterpreted December 2007 private audiogram shows right ear hearing loss by documenting 45 decibels in the right ear at 2000 Hertz. While this audiogram was uninterpreted, this is a straightforward graph and the Board as finder of fact can interpret the chart to determine the numeric values of the puretone levels for adjudication purposes. See Kelly v. Brown, 7 Vet. App. 471, 474 (1995) (the Court held that it could not interpret the results of an audiograph because interpretation requires a factual finding, which is not the role of the Court in the first instance, and further indicated that the Board was empowered to make such factual findings in the first instance). The July 2008 VA examiner provided a diagnosis of sensorineural hearing loss in both ears. Resolving all doubt in his favor, the Board finds that there is sufficient evidence to support a diagnosis of bilateral hearing loss. 

Second, the evidence of record indicates in-service noise exposure. The Veteran contends that he had noise exposure in service because he was a truck mechanic and was often on the firing range without ear protection. His statements are competent and credible as his DD-214 shows that he was a heavy vehicle operator in service. Under 38 U.S.C.A. § 1154(a), due consideration shall be given to the places, types, and circumstances of the Veteran's service as shown by the Veteran's service record and all medical and lay evidence. 

Finally, throughout the appeal period the Veteran contends that he has had hearing loss and tinnitus since service. See claim received in December 2007, statement dated in April 2008, notice of disagreement received in November 2008, and Form 9 Appeal dated in August 2009. The Board finds that the Veteran's testimony and statements are competent, credible, and probative of the presence of in-service noise exposure, diminished hearing, and tinnitus during service. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (noting that lay testimony may establish the presence of tinnitus because ringing in the ears is capable of lay observation); Layno v. Brown, 6 Vet. App. 465, 469-70 (1994) (holding that a lay witness is competent to testify to that which the witness has actually observed and is within the realm of his personal knowledge); Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (noting that the credibility of a witness may be impeached by a showing of interest, bias, inconsistent statements, consistency with other evidence), aff'd, 78 F.3d 604 (Fed. Cir. 1996). 

In summary, the Board finds that the evidence establishes that the Veteran was exposed to significant noise during service, currently has bilateral hearing loss and tinnitus, has had tinnitus since service, and has had continuous symptoms of hearing loss and tinnitus since service. 

The Board recognizes that there is an unfavorable September 2008 VA addendum to the July 2008 VA audiological examination whereby the examiner concluded that the Veteran's hearing loss was not related to military noise exposure as the Veteran had normal hearing in both ears upon separation from service. The Board notes that the absence of hearing loss disability in service is not in and of itself fatal to a claim for service connection for bilateral hearing loss. Ledford v. Derwinski, 3 Vet. App. 87, 89 (1992). Moreover, the VA examiner in his rationale did not consider the Veteran's complaints of ongoing diminished hearing since service, thus the September 2008 VA opinion is of limited probative value. The Court has held that a medical opinion is inadequate if it does not take into account the Veteran's reports of symptoms and history (even if recorded in the course of the examination). Dalton v. Peake, 21 Vet. App. 23 (2007). 

The September 2008 VA examiner also concluded that tinnitus was not the result of acoustic trauma as there was no report of tinnitus in the claims file and the Veteran reported that it began 6 to 7 years earlier. In September 2010 the examiner provided another addendum addressing inaccuracies presented in the September 2008 VA opinion. The examiner corrected the previous opinion by stating that tinnitus was not documented in the service treatment records. The examiner acknowledged the Veteran's previous written complaints of tinnitus since service and opined that given the conflicting information regarding the onset of tinnitus an opinion could not be provided regarding the etiology of tinnitus without resorting to speculation. With respect to speculative opinions, the Court of Appeals for Veteran Claims has pointed out that an absolutely accurate determination of etiology is not a condition precedent to granting service connection, nor is definite etiology or obvious etiology. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996); see also Fagan v. Shinseki, 573 F.3d 1282, 1289 (Fed. Cir. 2009) ("The examiner's statement, which recites the inability to come to an opinion, provides neither positive nor negative support for service connection").

Therefore considering the totality of the evidence the Board finds that the evidence is at least equipoise on the question of a nexus between service and the current bilateral hearing loss and tinnitus. Resolving reasonable doubt in the Veteran's favor, the claim of service connection for bilateral hearing loss and tinnitus is granted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.





 (CONTINUED ON NEXT PAGE)



ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted. 




____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs