﻿Citation Nr: 18106780
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 14-31 839A
DATE: May 31, 2018
ORDER
Entitlement to service connection for tinnitus is granted.
REMANDED
Entitlement to service connection for bilateral hearing loss is remanded.
FINDING OF FACT
Resolving all doubt in favor of the Veteran, his currently diagnosed tinnitus had its onset during his active duty service. 
CONCLUSION OF LAW
The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1101, 1110, 1112, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty from December 1972 to December 1974. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in May 2013 by a Department of Veterans Affairs (VA) Regional Office (RO). In December 2017, the Veteran testified at a Board hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record. At such time, the Veteran submitted additional evidence in support of his appeal; however, such has not yet been associated with the file. Furthermore, the undersigned held the record open for 30 days for the receipt of additional evidence; however, none has been received to date.
1. Entitlement to service connection for tinnitus, to include as secondary to bilateral hearing loss.
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996). 
Additionally, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, such as organic diseases of the nervous system, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Tinnitus is deemed an organic disease of the nervous system where there is evidence of acoustic trauma. Fountain v. McDonald, 27 Vet. App. 258 (2015). Alternatively, when a disease at 38 C.F.R. § 3.309(a) is not shown to be chronic during service or the one year presumptive period, service connection may also be established by showing continuity of symptomatology after service. See 38 C.F.R. § 3.303(b). However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309(a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). Further, service connection may not be awarded on the basis of aggravation without establishing a pre-aggravation baseline level of disability and comparing it to the current level of disability. 38 C.F.R. § 3.310(b). 
When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).
The Veteran seeks service connection for tinnitus, which he contends had its onset during his military service as a result of his in-service noise exposure, and has been recurrent since such time. In the alternative, he alleges that his tinnitus is caused or aggravated by his bilateral hearing loss. However, as the Board herein grants service connection for such disorder on a direct basis, the Board need not reach his secondary theory of entitlement. 
As an initial matter, the Board finds that the Veteran has a current diagnosis of tinnitus as such disorder can be identified through lay observations alone and he has offered competent and credible descriptions of experiencing tinnitus throughout the appeal. See Charles v. Principi, 16 Vet. App. 370 (2002). Additionally, the Board finds the Veteran’s statements regarding in-service noise exposure to be competent and credible as such are consistent with his military occupational specialty. 
In April 2013, the Veteran was afforded a VA examination. At such time, the examiner opined that the Veteran’s tinnitus was at least as likely as not a symptom associated with his diagnosis of clinical hearing loss, as tinnitus was known to be a symptom associated with hearing loss. The examiner also opined that the Veteran’s tinnitus was less likely than not caused by or a result of military noise exposure. In support thereof, the examiner noted that, although the Veteran had noise exposure during his military service, he entered and separated from service with normal hearing. The examiner also noted that there was no significant threshold change at any frequency from entrance to exit to indicate any noise injury occurred that would have resulted in tinnitus. However, the Board finds that the rationale provided was largely focused on hearing loss and the examiner did not discuss the Veteran’s reports of experiencing tinnitus during and since service in rendering her opinion. 
Furthermore, the Board finds that the Veteran’s reports of the onset of his current tinnitus during service and the continuation of such to be competent and credible. Specifically, during his April 2013 VA examination, in his September 2014 VA Form 9 (substantive appeal), and at his December 2017 Board hearing, the Veteran credibly stated that his tinnitus arose during service and has continued since such time. When a condition may be diagnosed by its unique and readily identifiable features, as is the case with tinnitus, the presence of the disorder is not a determination “medical in nature,” and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303, 305 (2007). Moreover, as noted above, tinnitus is a disorder that is readily observable by laypersons and does not require medical expertise to establish its existence. See Charles, supra. When a claim involves a diagnosis based on purely subjective complaints, the Board is within its province to weigh the Veteran’s testimony and determine whether it supports a finding of service incurrence and continued symptoms since service. Id. 
The mandate to accord the benefit of the doubt is triggered when the evidence has reached a stage of balance. In this matter, the Board is of the opinion that a state of relative equipoise as to whether the Veteran’s tinnitus was incurred in service has been reached. Accordingly, the benefit of the doubt rule will be applied, and service connection for tinnitus is granted. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra.
REASONS FOR REMAND
2. Entitlement to service connection for bilateral hearing loss.
The Board finds that a remand is necessary to associate potential missing records with the Veteran’s claims file. Specifically, as noted in the Introduction, at the December 2017 Board hearing, it was noted that additional evidence was being accepted into the record at such time; however, it does not appear that such evidence was associated with the claims file. Furthermore, on remand, the Veteran should be given another opportunity to submit additional evidence, to include records from the Audiology of the Sandhills in Aberdeen, North Carolina.
The matter is REMANDED for the following action:
1. Obtain and associate with the record the evidence submitted at the time of the December 2017 Board hearing. 
2. The Veteran should also be given an opportunity to identify any outstanding private or VA treatment records relevant to his remanded claim, including those from the Audiology of the Sandhills in Aberdeen, North Carolina. After obtaining any necessary authorization from the Veteran, all outstanding records should be obtained.
For private treatment records, make at least two (2) attempts to obtain records from any identified sources. If any such records are unavailable, inform the Veteran and afford him an opportunity to submit any copies in his possession.
For federal records, all reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).
 
A. JAEGER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD K. Clark, Associate Counsel