﻿Citation Nr: AXXXXXXXX
Decision Date: 01/17/19 Archive Date: 01/16/19

DOCKET NO. 181020-598
DATE: January 17, 2019

ORDER

Entitlement to service connection for bilateral tinnitus is granted.

FINDING OF FACT

Resolving all doubt in the Veteran’s favor, bilateral tinnitus is causally related to noise exposure/acoustic trauma during active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for bilateral tinnitus have been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303 (2017).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1994 to October 1996. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Supplemental Claim lane when she submitted the RAMP election form. Accordingly, an August 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Entitlement to service connection for bilateral tinnitus 

The Veteran has claimed entitlement to service connection for bilateral tinnitus, asserting that she was exposed to many hours of noise/acoustic trauma while working around generators during active service. She reported being exposed to noise from trucks and generators daily during service with occasional use of hearing protection. She has consistently complained of having bilateral, constant ringing tinnitus that began in 1995 and gradually worsened. The Veteran also submitted multiple lay statements from fellow serviceman indicating that they had heard her complain of ringing in the ears while serving together.

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303(a) (2017). Service connection may also be established for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d).

Certain chronic diseases, including tinnitus (as an organic disease of the nervous system), are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1112, 1113 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2017). Tinnitus is defined as “a noise in the ears, such as ringing, buzzing, roaring, or clicking. It is usually subjective in type.” See DORLAND’S ILLUSTRATED MEDICAL DICTIONARY, 1956 (31st ed. 2007). As tinnitus is subjective, its existence is generally determined by whether the veteran claims to experience it. For VA purposes, tinnitus has been specifically found to be a disorder with symptoms that can be identified through lay observation alone. Charles v. Principi, 16 Vet. App. 370 (2002).

The Veteran’s DD Form 214 revealed that her military occupational specialty (MOS) was Power Generator Equipment Repairer. Service treatment records were negative for complaints, diagnosis, or treatment for tinnitus.

Post-service VA treatment records detailed complaints of tinnitus since 2010. VA examination reports dated in December 2015, September 2016, and March 2018 showed findings of recurrent tinnitus. Each examiner opined that tinnitus was less likely than not (less than 50 percent probability) caused by or a result of military noise exposure. In December 2015, the examiner noted that there was a lack of evidence in the record of any complaints of tinnitus during service and that there was a significant amount of time between service and any audiology treatment. In September 2016, the examiner determined that without an event, an injury, an illness, or loss of hearing during service that was associated with the tinnitus, it less likely as not that the Veteran’s reported tinnitus was caused by or related to military noise exposure. In March 2018, the examiner acknowledged that the Veteran’s in-service duties had a high probability of noise exposure but found that there were no permanent positive threshold shifts in hearing sensitivity documented in her service treatment records. It was further noted that hearing sensitivity was within normal limits at separation and that there were no reports of tinnitus. The Board notes that each of the VA medical opinions contained in the aforementioned examination reports is deemed inadequate and lacks probative value, as each examiner impermissibly relied on the absence of complaints, symptoms, diagnosis, or treatment for tinnitus in service records as well as failed to fully consider the Veteran’s assertions of experiencing tinnitus since service. 

In October 2018, the AOJ found that the Veteran has a current diagnosis of tinnitus and was presumed to have been exposed to acoustic trauma during active service. The question in this case remains as to whether there is a causal relationship between the Veteran’s bilateral tinnitus and his active service.

Based on the cumulative evidence of record, the Board concludes that entitlement to service connection for tinnitus is warranted. In view of the totality of the evidence, including the Veteran’s documented in-service MOS involving noise exposure, current findings of tinnitus, the decreased probative value of the inadequate medical opinions contained in the December 2015, September 2016, and March 2018 VA examination reports, and the competent, credible, and consistent reports by the Veteran and fellow servicemen of in-service noise exposure/acoustic trauma as well as continuous symptoms of tinnitus since service, the Board finds that the Veteran’s current tinnitus cannot be reasonably disassociated from her military service. Based on the foregoing discussion, the Board finds that the evidence is at least in equipoise and, therefore, applying the benefit-of-the-doubt doctrine, service connection for tinnitus is warranted. Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD J. D. Deane, Counsel