﻿Citation Nr: AXXXXXXXX
Decision Date: 05/14/19 Archive Date: 05/14/19

DOCKET NO. 190321-4341
DATE: May 14, 2019

REMANDED

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Board notes that the rating decision on appeal was issued in January 2019. In March 2019, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

The Veteran served on active duty in the United States Marine Corps from November 1951 to November 1953. The Veteran selected the Direct Review lane without a Board hearing when he opted in to the Appeals Modernization Act (AMA) review system by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). Accordingly, the Board’s current review is limited to the evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ’s) January 2019 rating decision.

1. Entitlement to service connection for tinnitus is remanded.

The record on appeal includes the Veteran’s competent, credible, and subjective reports of experiencing bilateral, intermittent tinnitus “for a few years.” Despite this, the November 2018 VA examiner found that the Veteran’s lay assertions did not “meet the criteria for clinically significant tinnitus as per recent [Compensation and Pension] published guidelines.” As such, a diagnosis of tinnitus was not rendered, and the matter of etiology of the disability was not addressed.

In light of the Veteran’s lay statements of experiencing subjective tinnitus and United States Court of Appeals for Veteran’s Claims’ (Court) holding in Charles v. Principi, 16 Vet. App. 370, 374 (2002), finding a veteran competent to testify as to ringing in the ears (tinnitus), the Board concludes that the preponderance of evidence reflects that the Veteran has experienced tinnitus during the appeal period. Accordingly, the lack of a medical nexus opinion addressing the etiology of this disability equates to an error in the duty to assist the Veteran prior to the January 2019 rating decision. This must be rectified on remand. 

To ensure that the VA examiner is updated VA and private treatment records pertinent to the issue on appeal must be sought, obtained, and associated with the file. 

The matter is REMANDED for the following actions:

1. Obtain and associate with the file all updated records of VA treatment from the VAMC in Bronx, New York, and all associated facilities dated after March 5, 2019. 

2. Contact the Veteran and request that he complete a release for outstanding private treatment records pertinent to the disability subject to this remand. In these releases, the Veteran should provide a time period in which he was treated at each facility identified. The AOJ should then obtain the records identified by the Veteran. 

All records obtained should be associated with the Veteran's file. If any identified and requested records are not available, or if the search for any such records otherwise yields negative results, that fact should clearly be documented in the file, and the Veteran should be informed in writing. 

3. Schedule the Veteran for a VA audiological examination for the purpose of determining the nature, onset and etiology of his tinnitus. The examiner must review the complete record and complete an examination of, and interview with, the Veteran. 

The examiner must opine as to whether the Veteran’s tinnitus is at least as likely as not proximately due to or the result of any incident of his service, to include his confirmed exposure to in-service acoustic trauma as a field artillery battery man. 

Additionally, the examiner must provide an opinion concerning whether the Veteran’s tinnitus is at least as likely as not caused or aggravated by, or is a symptom of, his service-connected bilateral hearing loss with benign paroxysmal positional vertigo.

If the examiner cannot provide the requested opinion without resorting to mere speculation, this should be so stated along with supporting rationale. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to the particular question. 

4. Thereafter, the AOJ must adjudicate the Veteran’s appeal in light of the additional evidence added to the record. If the benefit remains denied, the Veteran and his representative should be furnished with a readjudication 

 

5. of the issue as appropriate under 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Scott W. Dale, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.