﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190926-36134
DATE: January 31, 2020

ORDER

Entitlement to service connection for tinnitus is granted.

Entitlement to service connection for bilateral hearing loss is granted.

FINDING OF FACT

Resolving reasonable doubt in favor of the Veteran, his tinnitus and bilateral hearing loss are etiologically related to his military service. 

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.104, 3.303, 3.309.

2. The criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.104, 3.303, 3.309, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in April 2015. In March 2019, the Veteran elected the modernized review system, and in September 2019, the Regional Office (RO) issued another rating decision continuing the prior denials. 38 C.F.R. § 19.2(d).

The Veteran served on active duty from January 1964 to December 1967. The Veteran selected the Higher-Level Review lane after he opted in to the Appeals Modernization Act (AMA) review system by submitting the proper form (20-0996). Accordingly, the September 2019 AMA rating decision considered the evidence of record as of the date the VA received the AMA election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the September 2019 AMA decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claim for service connection for bilateral hearing loss and tinnitus. The Board is bound by this favorable finding. 38 C.F.R. § 3.104(c).

SERVICE CONNECTION

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

In addition to direct service connection, service connection may also be established under 38 C.F.R. § 3.303(b) if a chronic disease or injury is shown in service, and subsequent manifestations of the same chronic disease or injury at any later date, however remote, are shown, unless clearly attributable to intercurrent causes. Hearing loss and tinnitus, organic diseases of the nervous system, are chronic conditions listed under 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015).

In deciding claims, it is the Board’s responsibility to evaluate the entire record on appeal. See 38 U.S.C. § 7104(a). When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection may also be established for hearing loss or tinnitus based upon a legal presumption by showing that a disorder manifested itself to a compensable degree within one year from the date of separation from service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.307, 3.309(a).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b).

1. Entitlement to service connection for tinnitus.

In this case, tinnitus is recognized as a chronic disease under 38 C.F.R. § 3.309(a); therefore, the presumptive service connection provisions based on “chronic” in-service symptoms and “continuous” post-service symptoms under 38 C.F.R. § 3.303(b) apply. Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. For the showing of a “chronic” disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. With a chronic disease as such in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. If a condition noted during service is not shown to be chronic, then generally, a showing of “continuity of symptoms” after service is required for service connection. 38 C.F.R. § 3.303(b).

Additionally, where a Veteran served ninety days or more of active service, and certain chronic diseases, such as tinnitus, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

The Veteran asserts that he had ringing in his ears ever since service. See Informal Conference Worksheet and April 2015 VA exam. He further indicated that he did not know about tinnitus in service and the separation exam was not adequate and thorough. The Veteran has reported in-service noise exposure, and his descriptions of in-service noise exposure are consistent with the circumstances of his service as documented by his service records. 38 U.S.C. § 1154(a). He has stated that he experienced tinnitus since service and experiences it today, and there is no persuasive evidence of record indicating that the Veteran’s statements are not credible.

The Veteran’s reports of post-service tinnitus are both credible and competent lay evidence in this appeal. See 38 C.F.R. § 3.159(a)(2); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Charles v. Principi, 16 Vet. App. 370, 374 (2002). This is because a diagnosis of tinnitus requires only personal knowledge as it comes to the Veteran through his senses and the Veteran is competent to indicate he experiences high-pitched ringing in his ears. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). 

Regarding medical nexus, the Veteran was afforded a VA examination in April 2015 to assess the nature of his reported tinnitus. Following examination, the VA examiner did not provide a positive or negative nexus opinion. An addendum to the exam clarified the medical nexus as less likely than not incurred in or caused by the claimed in-service injury, event or illness because the “Veteran’s enlistment and separation exam documented the hearing to be within normal limits for both ears using objective audiometric data with no significant shifts in thresholds for either ear occurring during military service. Noise-induced hearing loss with delayed onset is not supported in the peer review literature or in the field.” The examiner concluded that there is not enough evidence to establish a link between the Veteran's current audiometric thresholds and tinnitus symptoms to a noise induced injury occurring during the Veteran's military service.

The Veteran submitted an evaluation from a private audiologist conducted in February 2019. The private audiologist noted that the Veteran spent 4 years of his military service working on and around B-52 bombers and KC-135 aircraft, during which time he was constantly exposed to significant hazardous noise. The examiner also acknowledged the Veteran’s post-service employment of office work and recreational activities that did not expose him to hazardous noise. The private audiologist concluded that the Veteran’s hearing loss and tinnitus is as least as likely as not worsened by the noise exposure he sustained during his service in the Air Force. The rationale is that the amount of hearing loss the Veteran experiences is beyond the expected hearing thresholds for an adult male at the age of 60 and older. The audiologist further explains that impaired hearing is seen in “those who are occupationally exposed to high noise levels.” In support of its opinion, the private audiologist referenced and relied upon various medical articles and research studies.

As the evidence for and against the medical nexus element of a direct service connection claim is in relative equipoise, reasonable doubt must be resolved in the Veteran’s favor. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. Thus, as the third and final element of a direct service connection claim has been satisfied, the Veteran’s claim of entitlement to service connection for tinnitus is granted. See Shedden, 381 F.3d at 1167.

2. Entitlement to service connection for bilateral hearing loss.

As in the claim for tinnitus, the Veteran asserts that he currently suffers from bilateral hearing loss that is a result of loud noises and acoustic trauma that he experienced during his active duty service.

The record reflects that the Veteran was an Aerospace Ground Equipment Repairman in service. Thus, noise exposure has been conceded. The Veteran was afforded a VA exam in April 2015. The results from the exam indicate hearing loss for VA purposes, which was also conceded in the September 2019 rating decision. The Board is bound by these favorable findings.

Having established the presence of a current disability and in-service acoustic trauma, the Board turns to the dispositive issue of nexus. Based on conflicting competent medical opinions and the Veteran’s assertions, the Board has granted service connection for tinnitus. Much like tinnitus, sensorineural hearing loss is linked with nerve damage that most often occurs “when the tiny hair cells in the cochlea are injured.” Fountain v. McDonald, 27 Vet. App. 258, 266 (2015) (quoting VA Training Letter 10-02). More specifically, in Fountain, the United States Court of Appeals for Veterans Claims referenced VA Training Letter 10-02, in addition to other medical and legal authority, and noted that chronic sensorineural hearing loss, as an organic disease of the nervous system, was due to a problem in the inner ear or in the auditory nerve between the inner ear and the brain, and was commonly caused by chronic exposure to excessive noise, in addition to age-related hearing loss. The Court noted that chronic sensorineural hearing loss caused by acoustic trauma resulted in damage to the inner ear and qualified as an organic disease of the nervous system under 38 C.F.R. § 3.309.

(Continued on the next page)

 

Because the Veteran sustained nerve damage that caused the service-connected tinnitus, by necessary logical inference, the Veteran sustained the same nerve damage to the inner ear that could have caused the current bilateral sensorineural hearing loss. This nerve damage was permanent and incapable of actual improvement because chronic sensorineural hearing loss either progresses or remains the same (i.e., progression may be prevented), while restoration (i.e., improvement) of chronic sensorineural hearing loss that was caused by acoustic trauma is not medically possible. See Fountain, 27 Vet. App. at 258; VA Training Letter 10-02. Based on this reasoning, the Veteran’s current bilateral hearing loss disability can be medically attributed to his military service.

Resolving reasonable doubt in favor of the Veteran, the Board finds that service connection for a bilateral hearing loss disability is warranted. See 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 3.303(a), (d).

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Nelson, Law Clerk

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.