﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 200407-76879
DATE: June 30, 2020

REMANDED

Entitlement to service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1954 to January 1956.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a January 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

In the January 2020 rating decision, the RO found that new and relevant evidence was submitted to warrant readjudication of the Veteran's prior claim. The Board is bound by this favorable finding and will not further address the matter of whether new and relevant evidence has been submitted. 38 C.F.R. § 3.104(c).

In April 2020, the Veteran submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and requested direct review of the evidence considered by the Agency of Original Jurisdiction. Accordingly, the Board will consider the evidence of record as of the date of the January 2020 rating decision. 

 

Entitlement to service connection for tinnitus is remanded.

In October 2018, the Veteran underwent a VA examination for hearing loss and tinnitus. The examination report reflects that the Veteran did not report tinnitus at that time. In June 2019, a VA medical opinion was obtained, and the examiner opined that the Veteran’s tinnitus was less likely than not related to his active service because the Veteran had not reported tinnitus. However, for VA purposes, tinnitus has specifically been found to be a disorder with symptoms that can be identified through lay observation alone. See Charles v. Principi, 16 Vet. App. 370 (2002). Thus, tinnitus is “subjective,” and its existence is generally determined by whether the Veteran claims to experience it. The Veteran has indicated in documents submitted in support of his claim that he has tinnitus. As the October 2018 VA examination did not provide any explanation for the conclusion that the Veteran had not reported tinnitus, the Board finds it is unclear whether the Veteran’s claim that he has experienced tinnitus was adequately considered in reaching an opinion. Therefore, clarification of the opinion should have been obtained prior to the January 2020 decision and remand for an addendum opinion is necessary. See 38 C.F.R. §§ 4.2, 20.802.

The matters are REMANDED for the following action:

Obtain an addendum medical opinion regarding the nature and etiology of the Veteran’s tinnitus. If the reviewing clinician determines that an examination (or telehealth interview, if an in-person examination is not feasible) of the Veteran is required to answer the below questions, then such must be completed.

Following a complete review of the electronic claims file, the examiner must address the following question:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran’s tinnitus was caused by his conceded exposure to hazardous noise during service? 

In providing the requested opinions, the examiner is advised that the Veteran is competent to report experiencing tinnitus as the condition is subjective and is generally determined by whether or not the Veteran claims to experience it and that documents submitted in support of the Veteran’s claim, including his August 2018 VA Form 21-526, Fully Developed Claim (Compensation), and his March 2019 VA Form 20-0995, Decision Review Request: Supplemental Claim indicate that he has tinnitus. 

A complete rationale for all opinions must be provided. If the clinician cannot provide a requested opinion without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation. The clinician must indicate whether there was any further need for information or testing necessary to make a determination.

 

 

M. SORISIO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Jiggetts

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.