﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200316-76270
DATE: April 30, 2021

ORDER

Entitlement to service connection for tinnitus is granted.

Entitlement to service connection for a perforated right ear drum is denied.

REMANDED

Entitlement to service connection for hearing loss is remanded.

FINDING OF FACT

1. The Veteran has tinnitus that was incurred in and due to his time in service.

2. The Veteran does not have a perforated right ear drum that was incurred in or due to his time in service. 

CONCLUSION OF LAW

1. The criteria for the establishment of service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for the establishment of service connection for a perforated right ear drum are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1968 to November 1968 and from March 1969 to December 1970. The Veteran had a hearing before the undersigned Veterans Law Judge in January 2021. A transcript has been associated with the file.

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. This matter is on appeal from a January 2020 rating decision.

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran and his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Generally, to prevail on a claim of service connection on the merits, there must be competent evidence of (1) a current disability, (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury, and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Tinnitus Claim

The Veteran contends he has tinnitus that was incurred in and due to his time in service. Specifically, in his January 2021 hearing, the Veteran said he was stationed on an aircraft and was on the flight deck a lot and had been there during live fire with no hearing protection. The Veteran stated after he got below deck, everything sounded like it was muffled.

The Veteran, as a layperson, may be competent on a variety of matters concerning the nature and cause of his disability. Jandreau v. Shinseki, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). The Court has found a lay person competent to identify tinnitus which is a disorder that can be identified based on lay observation alone. See Charles v. Principi, 16 Vet. App. 370 (2002). The Veteran is competent to report that he was exposed to loud noise during service. See generally Charles v. Principi, 16 Vet. App. 370, 374 (2002). Once the threshold of competency is met, the Board must consider how much of a tendency a piece of evidence has to support a finding of the fact in contention. Not all competent evidence is of equal value. 

The Board finds the Veteran’s statements that the ringing in his ears began in service has some tendency to make a nexus more likely than it would be without such an assertion. See Lynch v. Ne. Reg’l Commuter R.R. Corp., 700 F.3d 906, 915 (7th Cir. 2012) (“[E]xpert testimony may be necessary where some special expertise is necessary to draw a causal inference because of its esoteric nature, but that in general the causal sequence can be inferred from circumstantial evidence, expert testimony, or common knowledge.”); Moody v. Maine Cent. R.R. Co., 823 F.2d 693, 695-96 (1st Cir. 1987) (expert testimony not required if the connection between the negligence and the injury is fairly self-evident, such as that a broken leg would result from being struck by a motor vehicle). 

The Board finds the Veteran’s account of his noise exposure while in service to be competent, credible, and persuasive. The Veteran’s DD 214 also confirms he was stationed on a ship.

In light of the above, the Board finds the evidence is at least in equipoise. Under the benefit of the doubt rule, where there exists “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. Ashley v. Brown, 6 Vet. App. 52, 59 (1993); see also Massey v. Brown, 7 Vet. App. 204, 206-207 (1994). Resolving all reasonable doubt in the Veteran’s favor, the Board concludes that service connection and tinnitus is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Perforated Right Ear Drum Claim

The Veteran contends he has a perforated right ear drum that was incurred in and due to his time in service. The Veteran said in late 1968/early 1969, he was scuba diving and punctured his ear drum. The Veteran said he went to sick call and a doctor told him his ear drum was punctured. The Veteran reported after this, loud noises would make his ear sore and that he can’t hear out of his right ear. (See February 2021 hearing transcript.) 

However, the evidence does not show the Veteran has a currently diagnosed perforated right ear drum and the Veteran’s service treatment records (STRs) do not indicate he was seen in service for his condition. Indeed, while a sinus condition was noted on this separation examination, there was no mention of a right ear drum disability. The evidence of record also does not show a link between any currently diagnosed disability and the Veteran’s time in service. Therefore, the claim will be denied.

The Board acknowledges and has considered the Veteran’s statements about how he suffered a perforated right ear drum and that he continues to have symptoms of this condition. However, while the Veteran is competent to report the symptoms of his disability and that he had such symptoms while in service, he is not competent to opine on matters requiring medical knowledge, such as determining the nature and etiology of his medical condition. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Board notes that this condition differs from the Veteran’s claim to tinnitus because diagnosing a perforated ear drum and opining as to its etiology requires medical expertise beyond that which is possessed by a lay person, such as the Veteran. Therefore, the Board places little probative weight on the Veteran’s statements in this case and places more weight on the fact that the medical evidence does not show the Veteran is diagnosed with this condition or suffered such a condition while in service.

Regarding all the above, the Board has considered the applicability of the benefit of the doubt doctrine. Because the preponderance of the evidence is against the Veteran’s claim, the benefit of the doubt doctrine does not apply. See 38 U.S.C. § § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 55-57(1990).

REASONS FOR REMAND

The Board finds a remand is necessary in the Veteran’s claim to service connection for bilateral hearing loss to correct a duty to assist error.

The Veteran stated he had hearing loss in both ears due to his time in service. The Veteran’s STRs do not contain an entrance audiogram but do contain a separation audiogram that show he had some hearing loss. Based on the Veteran’s in-service audiogram and the fact the Veteran has stated he suffered hearing loss due to being exposed to excessive noise while on the fight deck of a ship with no hearing protection, the Board finds the Veteran should have been afforded a VA examination to determine the etiology of his hearing loss. Therefore, an examination is warranted to determine whether the Veteran has hearing loss that was incurred in and due to his time in service.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination for his bilateral hearing loss.

All appropriate testing should be performed.

The examiner should opine as to the following:

(a) Does the Veteran have bilateral hearing loss for VA purposes?

(b) Whether it is at least as likely as not the Veteran’s hearing loss was incurred in and due to his time in service.

(c) Whether it is at least as likely as not the Veteran’s hearing loss is proximately due to any of his service-connected disabilities.

(d) Whether it is at least as likely as not the Veteran’s hearing loss was aggravated by any of his service-connected disabilities. 

 

John J. Crowley

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Snoparsky

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.