﻿Citation Nr: AXXXXXXXX
Decision Date: 06/26/19 Archive Date: 06/26/19

DOCKET NO. 181227-1390
DATE: June 26, 2019

ORDER

Entitlement to service connection for tinnitus is granted.

FINDING OF FACT

The evidence of record is at least in relative equipoise as to whether the Veteran’s tinnitus had its onset during his active service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. § 1131, 5103, 5107A; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in June 2014. In April 2018, the Veteran elected to the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). 

The Veteran served on active duty in the United States Army from September 1979 to May 1981. The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the April 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

1. Entitlement to Service Connection for Tinnitus

The Veteran seeks entitlement to service connection for tinnitus. He contends that he first experienced tinnitus during his active service after he was exposed to constant extreme noise as an indirect fire infantryman. He further contends that the disability has continued through the present. See Notice of Disagreement (NOD), received June 2014. 

Generally, service connection may be established for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303. Service connection for certain chronic diseases, to include organic diseases of the nervous system such as tinnitus, may also be established on a presumptive basis by showing that the disease manifested to a compensable degree during service or within one year from the date of separation from active service. 38 C.F.R. §§ 3.307 (a) (3), 3.309 (a).

With respect to the current disability element of service connection, tinnitus is readily observable by laypersons, and medical expertise is not required to establish its existence. See Charles v. Principi, 16 Vet. App. 370 (2002). Therefore, the Veteran’s assertions that he currently has tinnitus constitute competent evidence of a current disability of tinnitus. Furthermore, the Board finds that nothing in the record impugns his credibility on the matter, and concludes that the Veteran has a current disability of tinnitus.

With respect to an in-service injury or disease, the Veteran’s DD Form 214 shows a principal duty of indirect fire infantryman and that he was awarded the marksman badge with M-16 rifle bar and expert badge with hand grenade bar. In the June 2014 NOD the Veteran stated that he was subjected to constant extreme noises. As such, his assertions are consistent with the circumstances of his service.

The Veteran’s service treatment records are absent for evidence of any complaints of or treatment for tinnitus during active service. However, the Veteran has stated that his tinnitus began during his active service, and the Board finds that nothing in the record impugns his credibility on that matter. Accordingly, despite the absence of contemporaneous records showing in-service complaints of tinnitus, the Board finds that the Veteran’s tinnitus had its onset during his active service. See Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (it may not be determined that lay evidence lacks credibility merely because the evidence is unaccompanied by contemporaneous medical evidence).

The Board reiterates that the Veteran is considered competent to report the onset and continuous presence of tinnitus. See Charles, 16 Vet. App. 370. In addition, the Veteran has been consistent in his reports of experiencing tinnitus since active service. Given the consistency of the Veteran’s reports of tinnitus since active service, the Board finds that his statements regarding chronic symptoms of tinnitus since active service are credible. Tinnitus, as an organic disease of the nervous system, may be service connected where it is first shown in service and has subsequent manifestations. See 38 C.F.R. §§ 3.303 (b), 3.309 (a); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

The Board acknowledges that a May 2014 VA examiner opined that it is less likely than not that the Veteran’s tinnitus is caused by or a result of military noise exposure because the Veteran’s tinnitus is at least as likely as not due to the etiology of the Veteran’s hearing loss which existed prior to his active duty. The VA examiner further stated that there is no evidence to determine if a shift occurred on active duty or not. However, the May 2014 VA examiner did not address the Veteran’s reports of in-service noise exposure and tinnitus since service. As such, the Board finds that the May 2014 VA examiner’s opinion is not dispositive, and finds that the evidence of record is at least in relative equipoise as to whether the Veteran’s tinnitus had its onset during his active service. Therefore, as the Board must resolve doubt in the Veteran’s favor, the claim for entitlement to service connection for tinnitus must be granted. 38 U.S.C. § 5107 (b); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

VA’s Duty to Notify and Assist

With respect to the Veteran’s claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156 (a), 3.159, 3.326; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

 

 

U. R. POWELL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD B. G. LeMoine, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.