﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190927-33997
DATE: October 31, 2019

ORDER

Entitlement to service connection for bilateral hearing loss is denied.

Entitlement to service connection for bilateral tinnitus is granted.

FINDINGS OF FACT

1. The preponderance of the evidence does not support the Veteran’s claim for service connection for bilateral hearing loss.

2. Affording the Veteran with the benefit of the doubt, his reported tinnitus had its onset in active service.

CONCLUSIONS OF LAW

1. The criteria for establishing entitlement to service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303(a), 3.304.

2. The criteria for establishing entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303(a), 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from February 1951 to August 1954.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a September 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans to seek review of a Regional Office (RO) decision.

In September 2019, the Veteran submitted a timely VA Form 10182, Decision Review Request: Board of Appeal (Notice of Disagreement), where he elected the Direct Review docket and requested that a Veterans Law Judge consider service connection for bilateral hearing and tinnitus, denied in a rating decision issued in the same month. As explained in the VA Form 10182, “direct review” means that the Board’s decision must be based upon the evidence of record at the time of the prior decision, with no evidence submission or hearing request. As such, the Board will only consider the evidence of record at the time of the September 2019 rating decision. The Board notes that additional evidence including two Statements in Support of claim submitted in September 2019 and an October 2019 Informal Hearing Presentation (IHP) have been submitted since the rating decision on appeal was issued and may not be considered in this direct review appeal.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred or aggravated during active military service. 38 U.S.C. §§ 1110, 1131. Generally, service connection requires (1) the existence of a present disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

The United States Court of Appeals for Veterans Claims (the Court) has held that in order to prevail on the issue of service connection, there must be medical evidence of a (1) current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Horn v. Shinseki, 25 Vet. App. 231, 236 (2010).

Hearing loss and tinnitus are among the chronic disabilities for which a presumption of service connection is warranted if shown to a compensable degree within a year following separation from service. 38 C.F.R. §§ 3.307, 3.309(a).

1. Entitlement to service connection for bilateral hearing loss

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hz is 40 dB or greater; when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hz are 26 dB or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

The Board acknowledges that the Veteran has a current diagnosis of bilateral hearing loss. See September 2019 hearing loss and tinnitus examination. Therefore, the only question for the Board is whether the Veteran’s current disability began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, despite evidence of a current diagnosis of bilateral hearing loss, the preponderance of the evidence weighs against finding that the Veteran’s bilateral hearing loss began during service or is otherwise related to an in-service injury, event, or disease.

The Board notes there is no medical evidence of complaints, treatment, or diagnosis of hearing loss in the Veteran’s service treatment records (STRs). After a careful review of the claims file, the Board notes no post-service private or VA treatment records, nor has the Veteran reported seeking any current treatment for bilateral hearing loss.

The first medical report establishing bilateral hearing loss is in the September 2019 hearing and tinnitus examination, wherein the audiologist diagnosed the Veteran with bilateral hearing loss. After an in-person examination and review of the Veteran’s online records, the audiologist opined that the Veteran’s bilateral hearing loss is not at least as likely as not caused by or a result of an event in military service. As a rationale for the opinion, the examiner noted that there was no valid entrance or discharge exam noted in claims file; the only audio results were normal whisper tests. STRs were negative for complaints of hearing loss and/or tinnitus. The Veteran’s Military Occupational Specialty (MOS) was noted as Basic Airman (9T000), which had a low probability for hazardous noise exposure. There was a gap exceeding 60 years from separation from active service to the current time. A nexus could not be established at this time.

The VA examination report and opinion in this case constitutes highly probative evidence. The examiner reviewed the Veteran’s prior medical records, conducted a thorough examination, and provided a medical opinion that relied not only upon the absence of audiological findings in service but also the nature of his MOS and the large gap in time between separation from service and the date of diagnosis. By contrast, while the Veteran is competent to observe lay symptoms of hearing problems, he does not have the training or credentials to provide a competent opinion as to a diagnosis of a hearing loss disability, defined as noted by regulation and by specific testing, or the onset date of such diagnosis. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Consequently, the Board assigns substantially more probative value to the examiner’s opinion.

In summary, the preponderance of the evidence is against the Veteran’s claim. There is no reasonable doubt to be resolved, and the claim of entitlement to service connection for bilateral hearing loss must be denied. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

2. Entitlement to service connection for tinnitus.

In cases of tinnitus, ringing in the ears is capable of lay observation, and as such a Veteran is able to ascertain that he or she has the disability of tinnitus. See Charles v. Principi, 16 Vet. App. 370 (2002). 

As noted above, the Veteran was afforded a VA audiology examination in September 2019, wherein he was diagnosed with tinnitus. The VA audiologist opined that the Veteran’s tinnitus was less likely than not caused by or a result of military noise exposure, as his MOS had a low probability for hazardous noise exposure and given the gap of time between service and such diagnosis. Nevertheless, as to noise exposure during service, in a July 2019 Statement in Support of Claim, the Veteran reported that during service he had to qualify with a 30-carbine rifle during basic training and then at least two times per year. He was not provided with any hearing protection. After firing his rifle, his ears would ring, and the ringing would last several hours after leaving the firing range. Instructors had to shout all range commands. The Veteran asserted that he already had tinnitus when he separated from active service and that it has gotten worse over time.

As indicated above, tinnitus is uniquely capable of lay observation and, unlike hearing loss, is not dependent on specific testing for the finding of a diagnosis. Affording the Veteran the benefit of the doubt, the Board finds that tinnitus was incurred in service and that service connection for such a disability is warranted. See Charles, supra. Accordingly, the appeal to this extent is granted.

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Banks, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.