﻿Citation Nr: AXXXXXXXX
Decision Date: 11/29/19 Archive Date: 11/29/19

DOCKET NO. 190516-5684
DATE: November 29, 2019

ORDER

Service connection for a lower back condition is granted.

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. The most probative evidence is at least in relative equipoise as to whether the Veteran’s lower back condition had its onset during or is etiologically related to active military service.

2. The most probative evidence is at least in relative equipoise as to whether the Veteran’s tinnitus had its onset during or is etiologically related to active military service.

CONCLUSIONS OF LAW

1. The criteria for service connection for lower back condition have been met. 38 U.S.C. §§ 1110, 5107 (b); 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 5107 (b); 38 C.F.R. §§ 3.102, 3.303, 3.385.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from June 1994 to October 1997.

These matters come before the Board of Veterans’ Appeals (Board) on appeal of a rating decision issued by the Department of Veterans Affairs (VA). In that regard, a March 2019 Appeals Modernization Act rating decision denied entitlement to service connection for a lower back condition and tinnitus. In May 2019, the Veteran filed a timely appeal, and requested direct review of the evidence.

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-70 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

Service Connection – Legal Criteria

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Establishing direct service connection generally requires competent evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

1. Service connection for lower back condition

The Veteran has a present disability of degenerative disc disease of the lumbar spine with bilateral radiculopathy. See C & P Exam, January 2019.

Service treatment records contain numerous complaints of back pain. For example, in November 1995, the Veteran reported having back pain for the past year. He denied having any traumatic injuries, but reported that his back first started to hurt while doing army physical activity. In October 1996, the Veteran reported ongoing back pain for two days without any relief. The clinician diagnosed chronic lower back pain, prescribed medication, and recommended that the Veteran follow-up for further treatment. In January 1997, the Veteran complained of pain in the lumbar spine and right knee after picking up a shelf in his unit’s motor pool. The clinician assessed the nature of the condition as “overuse,” and recommended heat soaks, icing, and rest. The Veteran’s separation examination report is not associated with the claims file, and it is unclear whether any such examination was performed.

The Veteran underwent a VA examination in February 2019. He reported injuring his back while loading a truck during military service, and that he was treated for back pain multiple times at sick call. The examiner reviewed the claims file, performed a physical evaluation, and diagnosed degenerative disc disease of the lumbar spine and bilateral radiculopathy. She opined that it is at least as likely as not that the Veteran’s current condition was incurred in or caused by military service. She explained that the Veteran exhibited low back pain with reports of ongoing symptoms over two years during military service. She further stated that the Veteran’s current symptoms mirror his complaints during service, as shown by the reports of lumbar pain with right knee pain in January 1997.

After careful review of the record, the Board finds that the most probative evidence is at least in equipoise as to the claim of entitlement to service connection for a lower back condition.

The February 2019 VA examiner opined that it is at least as likely as not that the Veteran’s current lower back condition had its onset during or is etiologically related to military service. As the examiner reviewed the medical history, and provided a cogent opinion supported by the record and her professional expertise, the Board finds her conclusions to be worth significant probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

The law is clear. Pursuant to the “benefit-of-the-doubt” rule, where there is “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. 38 U.S.C. § 5107 (b). The Board concludes that the most probative evidence of record is at least in equipoise as to the claim of service connection for a low back condition. With the benefit of the doubt resolved in the Veteran’s favor, a grant of service connection is warranted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990) (“[T]he ‘benefit of the doubt’ standard is similar to the rule deeply embedded in sandlot baseball folklore that ‘the tie goes to the runner’.... [I]f... the play is close, i.e., ‘there is an approximate balance of positive and negative evidence,’ the veteran prevails by operation of [statute].”).

2. Service connection for tinnitus

The Veteran has reported experiencing tinnitus, which is sufficient to establish the presence of the condition. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (noting that lay testimony may establish the presence of tinnitus because ringing in the ears is capable of lay observation).

Service medical records do not reflect any treatment for tinnitus or hearing conditions. The enlistment examination showed hearing within normal limits, and there is no report of a separation examination in the claims file. However, military personnel records reflect that Veteran’s occupational specialty was a carpentry and masonry specialist, a position with a high probability of hazardous noise exposure. See DD Form 214. 

The Veteran filed a VA 21-526EZ, Fully Developed Claim, that was received in December 2018. He indicated that his tinnitus began in January 1994 as a result of operating heavy machinery and equipment during military service.

The Veteran underwent a VA audiological examination in February 2019. He reported being exposed to noise from heavy equipment during service, and having constant bilateral tinnitus since 2001. He denied any occupational or recreational noise exposure. The examiner stated that he could not provide an etiology opinion on the Veteran’s tinnitus without resorting to speculation because the separation examination was unavailable for review, and therefore, he could not observe whether any significant hearing threshold shifts took place. 

After careful review of the record, the Board finds that the most probative evidence is at least in equipoise as to the claim of service connection for tinnitus.

The Veteran has reported tinnitus beginning in January 1994 as a result of his military duties, including operating heavy machinery. The Board is aware that the VA examiner noted the Veteran reported “constant bilateral tinnitus” starting in 2001, after his separation from military service. However, this does not exclude the presence of intermittent or unilateral tinnitus before 2001, which the Veteran’s prior statements seem to support. See 38 C.F.R. § 3.303. 

The law is clear. Pursuant to the “benefit-of-the-doubt” rule, where there is “an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter,” the Veteran shall prevail upon the issue. 38 U.S.C. § 5107 (b). The Board finds that the most probative evidence is at least in equipoise as to whether the Veteran’s current tinnitus had its onset during or is otherwise related to military service. Thus, service connection for tinnitus is warranted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

 

ANTHONY C. SCIRÉ, JR

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Reed, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.