﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190404-11346
DATE: January 31, 2020

ORDER

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.

Service connection for right knee arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia is granted.

Service connection for paresthesias of left hand, claimed as loss of sensation of left arm, is denied.

THE VETERAN’S CONTENTIONS

The Veteran contends that during service, as a mechanic, she was exposed to a high volume of noise and firearms, which caused her hearing loss. See November 2016 statement in support of claim; April 2017 notice of disagreement; July 2017 VA Form 646.

She asserts that she injured her right knee while stationed at Camp Pendleton in California and that she went to sick call. She states that she has had problems with her right knee since that time. See November 2016 statement in support of claim; April 2017 notice of disagreement; July 2017 VA Form 9; July 2017 VA Form 646. She also reports that in the 1990s she had an arthroscopic ligament release which did not help her pain. See March 2017 Disability Benefits Questionnaire (DBQ).

In regard to the Veteran’s claim for service connection for paresthesias of the left hand, she contends that she experienced this during active duty and has had this problem since that time. See July 2017 VA Form 9; July 2017 VA Form 646. In March 2017, she reported that since 1977, it had happened intermittently, until approximately two years ago, when it became constant. See March 2017 DBQ. She states that this condition is chronic, but that making repeated trips to a doctor when there is no more that can be done just to have a record of her pain for the VA to deem “chronic” is a waste of her time and money. See July 2017 VA Form 9. She further notes that the VA examination did not adequately represent the chronicity of her condition. See July 2017 VA Form 646.

FINDINGS OF FACT

1. The Veteran’s DD Form 214 shows that her military occupation specialty was automobile mechanic; exposure to acoustic trauma is conceded. 

2. The Veteran’s bilateral hearing loss had its onset during service.

3. The Veteran has a diagnosis of tinnitus. 

4. The Veteran’s tinnitus had its onset during service.

5. The service treatment records show a right knee injury on June 17, 1977. 

6. The Veteran has a diagnosis of arthritis with anterior cruciate ligament tear meniscal tear with strain and chondromalacia. 

7. The Veteran’s right knee arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia had its onset during service.

8. The preponderance of the evidence shows that the Veteran’s paresthesias of the left hand, claimed as loss of sensation of the left arm, was not present in service or until many years thereafter and is not related to service or to an incident of service origin.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for bilateral hearing loss are met. 38 U.S.C. §§ 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309, 3.385.

2. The criteria for entitlement to service connection for tinnitus are met. 38 U.S.C. §§ 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309.

3. The criteria for entitlement to service connection for right knee arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia are met. 38 U.S.C. §§ 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309.

4. The criteria for entitlement to service connection for paresthesias of left hand, claimed as loss of sensation of left arm, are not met. 38 U.S.C. §§ 1131, 1154, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the Marine Corps from February 5, to July 8,1976 and December 1976 to December 1978. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran selected the Higher-Level Review lane when she submitted her RAMP election form on June 20, 2018. Accordingly, the February 2019 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board on April 4, 2019 via a VA Form 10182, notice of disagreement (NOD) and requested the Evidence Submission review option.

Based upon the Veteran’s choice to opt in to RAMP, as well as her selection of the Evidence Submission review option, the Board may consider evidence associated with the record before June 20, 2018 (the date the Veteran’s RAMP Opt-In Form was received by the VA) and from April 4, 2019 (the date the VA received the Veteran’s VA Form 10182, NOD) through July 3, 2019 (the 90-day period following receipt of the NOD).

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff’d per curiam, 78 F. 3d 604 (Fed. Cir. 1996) (table). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

1. Bilateral hearing loss and tinnitus

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as organic diseases of the nervous system, to a degree of 10 percent within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. In an October 4, 1995, opinion, VA’s Under Secretary for Health determined that it was appropriate to consider high frequency sensorineural hearing loss an organic disease of the nervous system and therefore a presumptive disability. The Court has held that tinnitus is a disease, rather than merely a symptom, and that 38 C.F.R. § 3.309(a) “includes tinnitus, at a minimum where there is evidence of acoustic trauma, as an ‘organic disease[] of the nervous system.’” Moreover, the Court indicated that, as such a presumptive condition, tinnitus warranted consideration of the continuity of symptomatology provisions found at 38 C.F.R. § 3.303(b). Fountain v. McDonald, 27 Vet. App. 258 (2015).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

In the February 2019 rating decision on appeal, the AOJ favorably found that the evidence shows a qualifying event, injury, or disease had its onset during service; that her DD Form 214 shows she had a military occupation specialty of automobile mechanic; exposure to acoustic trauma is conceded; and that she has a diagnosis of tinnitus.

The March 2017 VA examination report shows a current diagnosis of bilateral hearing loss for VA purposes under 38 C.F.R. § 3.385. At the examination, the Veteran also reported recurrent tinnitus for at least the last four to five years. 

However, the March 2017 VA examiner determined that these conditions were not related to service as the Veteran’s entrance and separation examinations do not show hearing loss disability for VA purposes and the evidence did not show complaints or treatment for tinnitus or hearing loss during service or after service, prior to the March 2017 evaluation. See March 2017 VA examination report. 

Although the Board acknowledges that the service treatment records do not show a diagnosis of hearing loss in service, entitlement to service connection for hearing loss does not require that the criteria under 38 C.F.R. § 3.385 be met during service, as it may be met after service. Hensley v. Brown, 5 Vet. App. 155 (1993). In regard tinnitus, this is a disorder that is readily observable by laypersons and does not require medical expertise to establish its existence. See Charles v. Principi, 16 Vet. App. 370 (2002). 

Accordingly, in light of the Veteran’s diagnosis of hearing loss for VA purposes; the AOJ’s favorable findings that the evidence shows a qualifying event, injury, or disease had its onset during service; exposure to acoustic trauma during service due to her military occupation specialty of automobile mechanic; and a diagnosis of tinnitus; and resolving all doubt in the Veteran’s favor, the Board finds that service connection is warranted for bilateral hearing loss and tinnitus. 

2. Right knee arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia 

In the February 2019 rating decision on appeal, the AOJ favorably found that the evidence shows that a qualifying event, injury, or disease had its onset during the Veteran’s service; the service treatment records show a right knee injury on June 17, 1977; and that she has a diagnosis of arthritis with anterior cruciate ligament tear meniscal tear with strain and chondromalacia.

A June 17, 1977 service treatment record shows sharp pain in the right knee after bending over and a diagnosis of ligament strain. The March 2017 DBQ shows a diagnosis of arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia. Private treatment records show arthritis of the right knee in November 2013.

The Board acknowledges that a March 2017 VA examiner provided a negative nexus opinion. However, the Board finds that the Veteran’s contention that she has had right knee problems since service is competent and credible. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Further, as noted above, in regard to the right knee, the AOJ favorably found that the evidence shows that a qualifying event, injury, or disease had its onset during her service. See February 2019 rating decision on appeal. Resolving doubt in the Veteran’s favor, the Board finds that service connection for right knee arthritis with anterior cruciate ligament tear and meniscal tear with strain and chondromalacia is warranted.

3. Paresthesias of left hand, claimed as loss of sensation of left arm

In the February 2019 rating decision on appeal, the AOJ favorably found that the Veteran reported numbness in August 1977, she has a diagnosed disability, and that the March 2017 examination noted right hand paresthesias.

An August 1977 service treatment record shows loss of sensation in the right arm and hand. However, there is no evidence of a left arm or hand condition documented in the service treatment records.

The March 2017 DBQ shows a diagnosis of paresthesia of the left hand. This is the earliest evidence of paresthesia of the left hand contained in the claims file. A March 2017 addendum opinion determined the condition was not related to service as there was no documentation of record showing continued care or treatment for this condition after service and there had been a 40 year gap between the Veteran’s service and her VA examination.

The only evidence that the Veteran’s paresthesia of the left hand is related to her service are her own lay statements. While the Veteran, as a lay person, is competent to provide evidence regarding the symptoms she observed, she is not competent to offer an opinion as to the etiology of her paresthesias of the left hand because this matter falls outside the realm of common knowledge of a lay person. See Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 n. 4 (Fed. Cir. 2007). Accordingly, the preponderance of the evidence is against the claim, and entitlement to service 

(Continued on next page) 

connection for paresthesias of the left hand, claimed as loss of sensation of left arm is denied.

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Samuelson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.