﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191226-58536
DATE: October 30, 2020

ORDER

Entitlement to service connection for enlarged prostate issues with bladder incontinence, to include as due to herbicide exposure, is denied.

FINDING OF FACT

1. As the Veteran served in Vietnam during the Vietnam War era, he is presumed to have been exposed to herbicide agents, to include Agent Orange, during such service.

2. The Veteran does not have, and at no point pertinent to the current claim on appeal has had, prostate cancer, the only prostate-related disease among those recognized by the VA Secretary as etiologically related to herbicides exposure.

3. No prostate disability was shown in service or for many years thereafter, and there is no competent, probative evidence or opinion even suggesting that there exists a medical relationship between the Veteran’s prostate condition and the Veteran’s military service.

CONCLUSION OF LAW

The criteria for service connection for a prostate condition, to include as due to exposure to herbicides are not met. 38 U.S.C. §§ 1101, 1110, 1112, 1137, 5103, 5103A, 5107; 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the Army from September 28, 1966, to September 27, 1968. 

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a November 25, 2018 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In the December 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the November 2019 Statement of the Case. 38 C.F.R. § 20.301.

Entitlement to service connection for enlarged prostate issues with bladder incontinence

The Veteran has contended that his prostate issues are presumptively service-connected due to his service in Vietnam from 1967 to 1968. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may be granted for any disease diagnosed after discharge from service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection on a direct basis, there must be competent evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). See also Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The determination as to whether elements are met is based on an analysis of all the evidence of record and the evaluation of its competency, credibility and probative value. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Baldwin v. West, 13 Vet. App. 1, 8 (1999).

Certain chronic diseases, such as a malignant tumor, may be presumed to have been incurred in service if manifest to a compensable degree within one year from discharge from service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307 are also satisfied. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a).

With chronic disease shown as such in service (or within the presumptive period under § 3.307) so as to permit a finding of service connection, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributed to intercurrent causes. For the showing of chronic disease, there are required a combination of manifestations sufficient to identify a disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word chronic. 38 C.F.R. § 3.303(b). Continuity of symptomatology is required only where the condition noted during service is not, in fact, shown to be chronic or when the diagnosis of chronicity may be legitimately questioned. Id.

Notably, the continuity and chronicity provisions of 38 C.F.R. § 3.303(b) only apply to the chronic diseases enumerated in 38 C.F.R. § 3.309(a).

Absent affirmative evidence to the contrary, there is a presumption of exposure to herbicides (to include Agent Orange) for all Veterans who served in Vietnam during the Vietnam Era (the period beginning on January 9, 1962 and ending on May 7, 1975). 38 U.S.C. § 1116 (f) and 38 C.F.R. § 3.307 (a)(6).

Furthermore, if a Veteran was exposed to an herbicide agent (to include Agent Orange) during active military, naval, or air service, certain diseases, including prostate cancer, shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6) are met, even if there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307 (d) are also satisfied. 38 C.F.R. § 3.309 (e). Thus, a presumption of service connection arises for these Veterans (presumed exposed to Agent Orange) or, alternatively, a Veteran without appropriate service (as described above) but with competent evidence of herbicide exposure, who develops one of the identified diseases.

VA has determined that there is no positive association between exposure to herbicides and any other condition for which it has not specifically been determined that a presumption of service connection is warranted. See Notice, 59 Fed. Reg. 341-346 (1994); see also 61 Fed. Reg. 57586 - 57589 (1996).

In adjudicating a claim for VA benefits, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

The Veteran’s personnel records document service in Vietnam in 1967 and 1968. Thus, the Veteran is presumed to have been exposed to herbicides, to include Agent Orange. See 38 C.F.R. § 3.307 (a)(6)(iii). However, prostate cancer is the only enumerated disability, relating to the prostate, that is presumed due to herbicide exposure that are listed under 38 C.F.R. § 3.309 (e). Although prostate cancer is one of the enumerated disabilities presumed due to herbicide exposure, there is no prostate cancer diagnosis of record. Accordingly, establishing service connection on a presumptive basis as due to Agent Orange is not available to the Veteran as there is no evidence of record that the Veteran has prostate cancer.

Notwithstanding the presumption, the Veteran may still establish service connection for his prostate condition due to herbicide exposure with proof of direct causation, or on any other recognized basis. See Brock v. Brown, 10 Vet. App. 155, 162-64 (1997); Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994), citing 38 U.S.C. § 1113 (b) and 1116 and 38 C.F.R. § 3.303. However, after a full review of the record, including the medical evidence and statements made by the Veteran, the Board finds that the most persuasive medical evidence and opinions of record do not support a finding that (1) the Veteran has or has ever had prostate cancer; or (2) there exists a medical relationship between the Veteran’s diagnosed prostate condition and any presumed herbicide exposure in service, or other incident therein.

The Veteran’s service treatment records (STRs) are unremarkable for any complaints, findings, or diagnoses of a prostate condition or of any precursor during service. 

The Veteran’s first recorded problem with his prostate came over four decades after service in 2016, at which time he was diagnosed with benign prostatic hyperplasia (BPH). His symptoms included the incontinence after he finishes urinating.

VA treatment records from 2016 to 2019 revealed improvement of BPH symptoms with treatment. A February 2019 treatment note indicated his BPH was asymptomatic. 

The Veteran was afforded a VA examination in October 2018 to address the nature and etiology of his prostate issues. The examiner noted a voiding dysfunction due to an enlarged prostate with decreased force of stream. The examiner indicated the Veteran also has erectile dysfunction due to BPH. The examiner indicated there were no benign or malignant neoplasms. A physical examination of the prostate was normal. The examiner opined that the Veteran’s prostate condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event, or illness. Specifically, the examiner noted the C-file was reviewed and was silent for any complaints of an enlarged prostate with urinary incontinence. The examiner noted the Veteran’s complaints of enlarged prostate with urinary incontinence came up 40 plus years after discharge, and so a nexus has not been established. 

The Board has considered the Veteran’s statements that his current prostate disorder is related to service, to include his exposure to Agent Orange. Again, the Board notes that presumptive service connection is not warranted because the Veteran does not have and has never been diagnosed with prostate cancer. Instead, he has been diagnosed with BPH (an enlarged prostate) and his laboratory testing has been within normal limits.

As to direct service connection, the Veteran has not asserted that any physician has told him his prostate disorder is related to service. Furthermore, the Veteran, as a lay person, has not been shown to be capable of providing an opinion, especially as to the complex medical opinion such as the etiology or diagnosis of any current prostate disorder, which is quite different from statements regarding the presence of scars or varicose veins which are capable of lay observation. See Charles v. Principi, 16 Vet. App. 370, 374-75 (2002). Given the Veteran’s lack of demonstrated medical expertise, no probative weight is afforded to his statements as to the etiology of his condition. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (explaining that a Veteran is competent to provide a diagnosis of a simple condition such as a broken leg, but not competent to provide evidence as to more complex medical questions); see also Layno v. Brown, 6 Vet. App. 465 (1994) (cautioning that lay testimony that the Veteran suffered a particular illness (bronchial asthma) was not competent evidence because matter required medical expertise). There is also no assertion by the Veteran that he had had BPH continuously since active service; in fact, the first documented evidence that the Veteran had any diagnosable prostate issues came in 2016, over four decades after discharge from active service.

In summary, there is no competent evidence of record that has linked the Veteran’s prostate disorder to service, to include exposure to Agent Orange. Therefore, the claim for service connection for a prostate disorder is denied. In arriving at the decision to deny this claim, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the most persuasive, competent evidence weighs against the claim, that doctrine is not applicable. See 38 U.S.C. 

 

§ 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M.D. Taylor, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.