﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200121-58224
DATE: November 30, 2020

ORDER

Entitlement to service connection for tinnitus is granted.

FINDING OF FACT

The most probative evidence establishes that the Veteran’s tinnitus is attributable to service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from January 1989 to May 1993. 

In April 2017, the Veteran applied for service connection for tinnitus. A rating decision was issued under the legacy system in January 2018 and the Veteran submitted a timely notice of disagreement. In December 2019, the agency of original jurisdiction (AOJ) issued a statement of the case (SOC). The Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a January 2020 VA Form 10182, Decision Review Request: Board Appeal and electing the Direct Review docket. Therefore, the December 2019 SOC is the decision on appeal. Accordingly, the Board may only consider the evidence of record at the time of the December 2019 SOC. 38 C.F.R. § 20.301.

Evidence was added to the claims file during a period of time when new evidence was not allowed; specifically, the Veteran’s January 2020 lay statements. As the Board is deciding the claim of service connection for tinnitus, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. 

Entitlement to service connection for tinnitus

The Veteran asserts that his tinnitus is attributable to military service.

Generally, service connection can still be established if the Veteran can show competent evidence of three things, i.e., a current disability, an in-service event, and a causal relationship between the current disability and the in-service event. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

For VA purposes, tinnitus has been specifically found to be a disorder with symptoms that can be identified through lay observation alone. See Charles v. Principi, 16 Vet. App. 370 (2002). The Veteran is competent to report that he experiences tinnitus. This is because a diagnosis of tinnitus requires only personal knowledge as it comes to the Veteran through his senses and the Veteran is competent to indicate he experiences ringing in his ears. See Layno v. Brown, 6 Vet. App. 465, 470 (1994); Charles at 374. During the July 2019 VA examination, the Veteran reported tinnitus. Thus, the Veteran has a tinnitus disability within the appellate period.

The question before the Board is whether the Veteran’s tinnitus is at least as likely as not causally related to military service.

The claims file only contains the Veteran’s service treatment records, VA treatment records and a July 2019 VA examination. The Veteran’s service treatment records are silent for complaints of, reference to, or treatment for tinnitus. The Veteran’s April 1993 separation examination does not show the Veteran complained of tinnitus. 

In a June 2017 VA treatment record, the Veteran reported tinnitus. The Veteran stated that his tinnitus was progressively worsening and he attributed it to his military service while working around heavy machinery. 

In the December 2018 notice of disagreement, the Veteran stated that “I have ringing & buzzing in ears during my time in the service.” 

In July 2019, the Veteran underwent a VA examination. The Board acknowledges that the VA examiner was unable to provide a nexus opinion, which does not weigh for or against the claim. 

During the examination, the Veteran reported constant and recurrent tinnitus. Additionally, the Veteran stated that the tinnitus is constant and bilateral and “[s]tarted while in [military service]; I thought everyone heard it.” 

The Veteran is competent to indicate he experiences ringing in his ears. See Layno at 470 (1994); Charles at 374. Indeed, the Veteran is competent in some instances to provide a competent opinion regarding etiology. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); see also Barr v. Nicholson, 21 Vet. App. 303 (2007) (lay testimony is competent to establish the presence of observable symptomatology). The Veteran’s statements are credible because they are consistent and the Veteran’s belief that “everyone heard” the ringing and buzzing explains why the Veteran did not complain of the condition earlier. Accordingly, the Board finds the Veteran’s statements probative.

(Continued on the next page)

 

In light of the Veteran’s credible statements that his tinnitus began in service and has continued since service separation as well as the lack of any other explanation for his current tinnitus, the Board concludes the most probative evidence supports a finding of service connection for tinnitus. Accordingly, the Veteran’s claim is granted.

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Agarwal, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.