﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200214-62914
DATE: April 30, 2021

ORDER

1. New and relevant evidence has been received to reopen a claim of entitlement to service connection for tinnitus.

2. Entitlement to service connection for tinnitus is granted.

FINDINGS OF FACT

1. New evidence was received prior to the July 2019 denial that is relevant to the issue of entitlement to service connection for tinnitus. 

2. Resolving reasonable doubt in the Veteran’s favor, his tinnitus is at least as likely as not related to in-service noise exposure.

CONCLUSIONS OF LAW

1. The criteria for readjudication of the claim for service connection for tinnitus have been met. Appeals Improvement and Modernization Act (AMA), Pub. L. No. 115-55, § 5108, 131 Stat. 1105; 38 C.F.R. § 3.156(d).

2. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably on active duty from June 1990 to June 1995 and from October 2005 to April 2006. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review.

On February 22, 2019, VA received the Veteran’s claim for entitlement to service connection for tinnitus. In an April 3, 2019 AMA rating decision, the RO denied service connection for tinnitus.

On April 11, 2019, the Veteran submitted a Decision Review Request: Supplemental Claim and requested review of the April 2019 rating decision to obtain a VA examination for his claimed disability. In July 2019, the RO issued a supplemental claim decision on appeal, which found that new and relevant evidence had not been received. In a February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board must determine whether new and relevant evidence has been received based only on the evidence of record at the time of the supplemental claim decision on appeal. 38 C.F.R. § 20.301.

New and Relevant Evidence

VA regulations provide that a claimant who disagrees with a prior VA decision may file a supplemental claim any time after the AOJ issues notice of a decision, regardless of whether the claim is pending or has become finally adjudicated. See 38 C.F.R. § 3.2501. If new and relevant evidence is presented or secured with respect to the supplemental claim, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. Id.

The new and relevant standard will not impose a higher evidentiary threshold than the previous new and material evidence standard under § 3.156 (a). See 38 C.F.R. § 3.2501. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed.

For VA to readjudicate the claim, the evidentiary record must include new and relevant evidence that was not of record as of the date of notice of the prior decision. Upon receipt of a substantially complete supplemental claim, VA's duty to assist in the gathering of evidence under § 3.159 of this part is triggered and includes any such assistance that may help secure new and relevant evidence as defined in paragraph (a) of 38 C.F.R. § 3.2501 to complete the supplemental claim application. Id.

1. Whether new and relevant evidence has been received to readjudicate the claim for entitlement to service connection for tinnitus.

The Veteran contends generally that there is evidence with his petition to reopen his claim of service connection for tinnitus that is new and relevant and warrants readjudication of the issue.

The question in this case is whether the Veteran submitted evidence after the prior denial of his claim, and if so, whether that evidence is new and relevant to his claim.

The Board finds there is new evidence after the prior rating decision that is relevant to his claim. The new and relevant evidence includes a VA examination that was not already of record and may prove or disprove the Veteran's tinnitus is related to in service noise exposure. Specifically, the VA examiner conceded in-service noise exposure Readjudication of the claim is therefore warranted.

Service Connection

In general, service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

2. Entitlement to service connection for tinnitus.

The Veteran contends generally that his tinnitus is due to his service.

The Board must assess the credibility and weight of all the evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991). Equal weight is not necessarily accorded to each piece of evidence contained in the record; not every item of evidence necessarily has the same probative value. In weighing credibility, the Board may consider interest bias, inconsistent statements, bad character, internal inconsistency, facial plausibility, self-interest, consistency with other evidence of record, malingering, desires for monetary gain, and demeanor of the witness. See Caluza v. Brown, 7 Vet. App. 498, 507-13 (1995).

First, the Board notes that the AOJ made favorable findings that the Veteran has a current diagnosis of tinnitus and that he was exposed to hazardous noise during service. See July 2019 rating decision. As such, Shedden element (1) and (2), current diagnosis and in-service incurrence, are met.

The Veteran is competent to describe symptoms observable to his senses, such as ringing in his ears, and as such, he is competent to diagnose tinnitus. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Charles v. Principi, 16 Vet. App. 370, 374 (2003). Further, he is competent to report the onset and continuity of his current symptomatology as tinnitus is capable of lay observation. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Affording the Veteran the benefit of the doubt, the Board finds that he is credible with respect to this contention.

The Veteran was afforded a VA examination in July 2019 to assess whether his tinnitus is due to service. The VA examiner found that the Veteran had a diagnosis of tinnitus and conceded in-service noise exposure. See July 2019 VA Examination. However, the examiner did not take into account an August 2013 VA examination that found the Veteran reported the onset of tinnitus during service in Iraq. While the Board notes that the negative medical opinion in this case, due to the inherently subjective nature of tinnitus, the Veteran’s credible statements as to the onset of his symptoms are found to be at least as probative as the medical opinion, and any reasonable doubt is resolved in the Veteran’s favor; the Veteran’s claim for tinnitus is granted. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kelsey Love, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.